# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SHANNON RICHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:14-CV-2329-CLS |
| ) | |
| GENE MITCHELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shannon Richie, filed this case on December 3, 2014, asserting claims for a gender-based hostile work environment and retaliation pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against her former employer, Gene Mitchell, the Sheriff of Lawrence County, Alabama, and Mike Agee, a Lieutenant in the Sheriff's office and plaintiff's former supervisor.[1] The case currently is before the court on defendants' motion, filed May 5, 2015, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

Plaintiff originally was ordered to respond to defendants' motion by May 19,

---

[1] *See* doc. no. 1 (Complaint). Plaintiff sued Sheriff Mitchell in both his official and individual capacities. She appears to assert claims against Agee only in his individual capacity.

[2] Doc. no. 8.

2015.³ Plaintiff's attorney subsequently filed two motions to extend that response deadline, citing his heavy case load and recent transition in administrative staff.⁴ Both motions were granted, extending the deadline first to May 26, 2015,⁵ and then to May 29, 2015.⁶ As of this date, plaintiff still has not filed a response to defendants' motion to dismiss, nor has she filed any other motions to extend the response deadline.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

---

³ *See* doc. no. 9.
⁴ Doc. no. 10 & doc. no. 14.
⁵ Doc. no. 11.
⁶ Doc. no. 15.

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it

has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

## II. RELEVANT ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, Shannon Ritchie, was employed as a Correctional Officer at the Lawrence County Sheriff's Office from July 3, 2012, until her employment was terminated on February 21, 2013.[7] She asserts that:

> There exists a sexually hostile work environment at the Lawrence County Sheriff's Office which affected Plaintiff Richie and other females. Evidence of this hostile environment includes, but is not limited to, the failure to promote qualified female Correctional Officers; a workplace filled with sexually insensitive and derogatory remarks made by the supervisors and other employees; disparate treatment with respect to discipline for female employees or employees who engage in protected activities; the steering of female applicants to corrections positions; the sheriff's office's refusal to investigate or to appropriately take corrective action when complaints are made concerning gender discrimination; retaliation against females who opposed and or participated in protected activities with respect to 42 U.S.C. § 1981and Title VII. Systematic discrimination exists at the Lawrence County Sheriff's Office with respect to females as a result of the policies, customs and procedures implemented by Defendant Sheriff Mitchell

---

[7] Doc. no. 1 (Complaint) ¶ 9.

during his employment with the Lawrence County Sheriff's Office.[8]

More specifically, plaintiff alleges that two male co-workers made sexually explicit comments like "look at that ass" while she was trying on her uniform during July of 2012. Plaintiff complained to her then-supervisor "Colonel Mitchell"[9] and defendant Sheriff Gene Mitchell. "The only remedial measure taken was that the two co-workers were re-assigned to another shift, but they were neither suspended nor terminated."[10] Despite that action, plaintiff was reassigned back to a shift with one of the offending co-workers after defendant Lieutenant Mike Agee became plaintiff's immediate supervisor in October of 2012.[11]

Plaintiff's employment was terminated on February 21, 2013, under the following circumstances:

> On February 4, 2013, Defendant Lt. Agee again changed Plaintiff Richie's shift and assigned her to work with an inexperienced correctional officer. On that same night, inmate Stacy Curtis hugged the Plaintiff, an act which was not at the Plaintiff's request. Plaintiff Richie was accused by Defendant Lt. Agee of "fraternization." The Plaintiff did not engage in any misconduct. Plaintiff Richie simply did not discipline the inmate who hugged her. Plaintiff Richie was notified on February 21st, 2014, that she was terminated, and she was told it was for fraternization which was a pretext.[12]

---

[8] *Id.* ¶ 7.

[9] Plaintiff does not state "Colonel Mitchell's" first name.

[10] Doc. no. 1 (Complaint) ¶ 10.

[11] *Id.* ¶ 11.

[12] *Id.* ¶ 13.

Plaintiff asserts that unidentified male correctional officers had engaged in misconduct that was more serious than that in which she allegedly engaged, but were not terminated or otherwise disciplined as a result.[13] She contends that the termination was in retaliation for her complaints of gender-based harassment.[14]

### III. DISCUSSION

Defendants assert several grounds for the dismissal of plaintiff's complaint.

**A.     Failure To Serve**

This court entered an order on April 10, 2015, requiring plaintiff to show cause why her claims should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of process on defendants.[15] Plaintiff's attorney responded to the show cause order, blaming the delay in service on his case load and his poor financial situation.[16] Plaintiff accomplished service on both defendants on April 16, 2015.[17] The court concludes that the delay in service — which did extend far beyond the initial 120-day period — is excusable, has been cured, and does not constitute grounds for dismissal.

---

[13] *Id.* ¶ 15.

[14] *Id.* ¶ 15(2). Plaintiff's complaint contains two paragraphs numbered "15." This citation refers to the second of those paragraphs.

[15] Doc. no. 4.

[16] Doc. no. 7.

[17] *See* doc. no. 6 (Return of Service).

**B.     Dismissal of Claims Under 42 U.S.C. § 1981**

Defendants next contend that plaintiff's claims under 42 U.S.C. § 1981 should be dismissed because that statute only covers claims for *race* discrimination, and all of plaintiff's claims are based on *gender*. Defendants are correct. *See Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 961 (11th Cir. 1997) ("It is well-established that § 1981 is concerned with *racial* discrimination in the making and enforcement of contracts.") (emphasis in original) (*citing Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459 (1975); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 436 (1968)). Accordingly, all of plaintiff's claims under 42 U.S.C. § 1981 will be dismissed.

**C.     Timeliness of Hostile Work Environment Claim**

Defendants also assert that plaintiff's hostile work environment claims were not timely filed.

The statute of limitations on any claim under 42 U.S.C. § 1983 filed in an Alabama federal court is two years. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008). Plaintiff's complaint was filed on December 3, 2014. Accordingly, her § 1983 claim cannot be based upon any actions that occurred before December 3, 2012.

With regard to plaintiff's Title VII claim, she was required to satisfy all

administrative prerequisites before filing suit. Foremost among these is the requirement that a charge of discrimination be submitted to the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed her EEOC charge on February 26, 2013. Accordingly, her Title VII claims ordinarily would have to be based entirely on events occurring within 180 days of that date, or after August 30, 2012.

In hostile work environment cases, however, the claim can be timely even if the first instance of harassment "occurred" more than 180 days before the charge was filed. The Supreme Court has recognized that a hostile work environment claim based upon racial or sexual harassment "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). For that reason, "[a] charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the [180 day] time period." *Id*. at 122 (alterations supplied).

> Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct. See 1 B. Lindemann & P. Grossman, Employment Discrimination Law 348-349 (3d ed.1996) (hereinafter Lindemann) ("The repeated nature of the harassment or its intensity constitutes evidence that management knew or should have

known of its existence"). The "unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. See *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) ("As we pointed out in *Meritor* [*Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986),] 'mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee,' *ibid*. (internal quotation marks omitted), does not sufficiently affect the conditions of employment to implicate Title VII"). Such claims are based on the cumulative effect of individual acts.

. . . .

In determining whether an actionable hostile work environment claim exists, we look to "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." [*Harris*, 510 U.S.] at 23, 114 S. Ct. 367. To assess whether a court may, for the purposes of determining liability, review all such conduct, including those acts that occur outside the filing period, we again look to the statute. It provides that a charge must be filed within 180 or 300 days "after the alleged unlawful employment practice occurred." A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

. . . .

It is precisely because the entire hostile work environment

> encompasses a single unlawful employment practice that we do not hold . . . that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct. The statute does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability. And the statute does not contain a requirement that the employee file a charge prior to 180 or 300 days "after" the single unlawful practice "occurred." Given, therefore, that the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment.

*Morgan*, 536 U.S. at 115-18 (footnotes omitted) (all alterations in first paragraph in original, other alterations and ellipses supplied). *See also Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (recognizing that, in *Morgan*, "the Supreme Court simplified the limitations inquiry in hostile work environment cases. The Court instructed that a hostile work environment, although comprised of a series of separate acts, constitutes one 'unlawful employment practice,' and so long as one act contributing to the claim occurs within the filing period, 'the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.'") (quoting *Morgan*, 536 U.S. at 117).

The determinative question for the statute of limitations inquiry under both Title VII and 42 U.S.C. § 1983 is the last date on which the events supporting

plaintiff's claim occurred. The only sexually offensive comment to which plaintiff claims she was subjected was uttered sometime during July of 2012. If that were the only fact relevant to the statute of limitations inquiry, plaintiff would have been required to file her § 1983 claim by July of 2014 (or, within two years), and she would have been required to file an EEOC charge by the end of January 2013 (or, within 180 days), at the latest. She did neither thing. Even so, a liberal reading of plaintiff's complaint reveals other facts upon which she relies to support her hostile work environment claim, including being forced, in November of 2012, to work with one of the men who had previously uttered the offensive comments, and being wrongfully accused of fraternizing with an inmate on February 4, 2013. Plaintiff filed her EEOC charge within 180 days of both of those events, and she filed her § 1983 complaint within two years of the final event. Thus, if all of the events are considered as a whole to form the basis of plaintiff's hostile work environment claim, then the claim is timely.

D.     **Failure to State a Claim for Hostile Work Environment**

A hostile work environment claim requires proof that: (1) she belongs to a group protected by Title VII; (2) she was subjected to unwelcome harassment; (3) the harassment was based upon her sex; (4) the harassment was sufficiently severe or pervasive as to alter the terms and conditions of her employment; and (5) there is a

basis for holding defendants responsible under a theory of either vicarious or direct liability. *See, e.g.*, *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Ellerth*, 524 U.S. at 751; *Johnson v. Booker T. Washington Broadcasting Service, Inc.*, 234 F.3d 501, 508 (11th Cir. 2000).

Defendants assert that plaintiff has not made any allegations in her complaint to support the fourth and fifth elements. The court agrees that the "look at that ass" comment would not be sufficient, standing alone, to demonstrate a severe and pervasive sexually hostile work environment. Even so, as discussed in the previous section, that comment is not the only basis for plaintiff's hostile work environment claim. Moreover, the court concludes that plaintiff has stated sufficient facts, at the pleading stage, to provide a basis for holding defendants liable. Accordingly, her hostile work environment claim will not be dismissed for failure to state a claim upon which relief can be granted.

**E.    Failure to State a Claim for Retaliation**

A plaintiff generally must prove three elements to establish a *prima facie* case of retaliation: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal linkage between the protected conduct and the adverse employment action. *See, e.g., Shannon v. BellSouth Telecommunications, Inc.*, 292 F.3d 712, 715 (11th Cir. 2002). Defendants assert that

plaintiff's retaliation claim in this case should be dismissed because she has not stated sufficient facts to support a causal linkage between her protected activity and the termination of her employment. Plaintiff complained about her co-workers' sexually offensive comments during July of 2012, but her employment was not terminated until February 21, 2013, approximately six months later.

It is true that, when a plaintiff attempts to satisfy the causal connection element through the use of temporal proximity evidence alone, the temporal gap between the protected activity and the adverse action must be very close. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("But mere temporal proximity, without more, must be 'very close.'") (quoting *Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001)). "A three to four month disparity between the statutorily protected expression and the adverse employment action is not [close] enough." *Id.* (citing *Breeden*, 532 U.S. at 273) (alteration supplied). Here, if plaintiff were relying solely upon the temporal proximity between her complaint and her subsequent termination, the connection would be too tenuous to satisfy her *prima facie* case. However, some of the other facts alleged by plaintiff — like her reassignment to the same shift as one of her alleged harassers and the alleged fabrication of fraternization charges against her — could also be considered as *other* evidence of retaliation. The court concludes that the retaliation claim should not be

dismissed at the pleading state, and that plaintiff should be provided the opportunity to pursue discovery on the claim.

## F. Individual Capacity Claims Under Title VII

Finally, defendants assert that any Title VII claims against them in their individual capacities must be dismissed. The court agrees. As the Eleventh Circuit has held, "'The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.'" *Hinson v. Clinch County, Georgia Bd. of Educ.*, 231 F.3d 821, 82 (11th Cir. 2000) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).

## IV. CONCLUSION AND ORDERS

In accordance with the foregoing, defendants' motion to dismiss is GRANTED in part and DENIED in part. All of plaintiff's claims under 42 U.S.C. § 1981 are DISMISSED. All claims against defendants Gene Mitchell and Mike Agee in their individual capacities also are DISMISSED. The parties are ORDERED to proceed to discovery on all remaining claims pursuant to the Uniform Initial Order.

DONE this 9th day of June, 2015.

/s/ Lynwood Smith
_____
United States District Judge